UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
:
KSW MECHANICAL SERVICES, INC.,           :       11 Civ. 5100 (WHP)
:
         Plaintiff,            :       MEMORANDUM & ORDER
:
    -against-               :
:
MECHANICAL CONTRACTORS                   :
ASSOCIATION OF NEW YORK, INC.,           :
*et al.*,                                :
:
         Defendants.           :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/4/12

WILLIAM H. PAULEY III, District Judge:

        The Mechanical Contractors Association of New York, Inc. (the "Association") moves for reconsideration of this Court's Memorandum & Order granting in part and denying in part its motion for summary judgment. See KSW Mech. Servs., Inc. v. Mech. Contractors Ass'n of N.Y., No. 11 Civ. 5100 (WHP), 2012 WL 1027354, at *1 (Mar. 27, 2012). For the following reasons, the Association's motion for reconsideration is denied.

## DISCUSSION

I.    Legal Standard

        Local Civil Rule 6.3 allows a party to move for reconsideration of an order in light of "matters or controlling decisions which counsel believes the Court has overlooked." Reconsideration of an order is an "extraordinary remedy to be employed sparingly in the interests of finality and [to conserve] scarce judicial resources." Parrish v. Sollecito, 253

F.Supp.2d 713, 715 (S.D.N.Y.2003) (citing In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F.Supp.2d 613, 614 (S.D.N.Y.2000)). Accordingly, the standard for granting a motion for reconsideration is strict, and the motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995). "Reconsideration is not an invitation for parties to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." Tradition Chile Agentes de Valores Ltda. v. ICAP Sec. USA LLC, No. 09 Civ. 10343 (WHP), 2011 WL 181735, at *1 (S.D.N.Y. Jan. 11, 2011) (internal quotations marks and citation omitted).

II.  Sufficiency of the Complaint

The Association argues that Plaintiff KSW Mechanical Services, Inc. ("KSW") fails to allege damages in its Complaint, and thus does not plead facts supporting its Sherman Act and New York law claims. The Association contends that—in denying in part its motion for summary judgment—this Court overlooked the pleading standards announced in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). In those cases, the Supreme Court held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). The Court further explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

But the Association both misinterprets Twombly and Iqbal and misreads the Complaint. First, Twombly and Iqbal did not disturb the well-settled rule that courts "must accept as true the reasonable inferences that [can] be drawn from [a plaintiff's] allegations." Anderson News, L.L.C. v. Am. Media, Inc., --- F.3d ----, 2012 WL 1085948, at *23 (2d Cir. 2012). Second, KSW does, in fact, plead damages. Specifically, KSW alleges that "[t]he Work Rule XVII applicable to members of the [Association] provides said members with a competitive advantage over non-members when bidding on construction projects, because it increased non-members labor costs compared to MCA members' costs." (Complaint dated July 25, 2011 ("Compl.") ¶ 21.) KSW further alleges that "Defendants' actions . . . have an anti-competitive effect on the mechanical construction market by increasing the non-members [sic] costs, which impairs the ability of non-member signatories to compete with [Association] member signatories." (Compl. ¶ 30.)

Taken together, KSW's allegations support the reasonable inference that the Association's conduct increased KSW's labor costs and impaired its ability to bid competitively. These allegations suffice to state a claim under the Sherman Act and New York law. See KSW, 2012 WL 1027354, at *5-*6.

## CONCLUSION

For the foregoing reasons, the Association's motion for reconsideration is denied.

The Clerk of the Court is directed to terminate the motion pending at ECF No. 26.


Dated: May 4, 2012
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.


*Counsel of Record:*

James F. Oliviero, Esq.
37-16 23rd Street
Long Island City, NY 11101
 *Counsel for Plaintiff*

Peter D. Stergios, Esq.
Christina M. Schmid, Esq.
McCarter & English, LLP
245 Park Avenue
New York, NY 10167
*Counsel for Defendants*